# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 0500 | **DATE** | 4/27/2001 |
| **CASE TITLE** | MARGARET HOSTY, et al. vs. GOVERNORS STATE UNIVERSITY, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The motion to dismiss [12-1] is granted in part and denied in part. Defendants Governors State University and its Board of Trustees are dismissed with prejudice from this action. The remaining defendants shall answer all surviving claims by May 12, 2001. ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 30 2001 | 15 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | CM | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 4/27/2001 | |
| | | | date mailed notice | |
| SB | courtroom deputy's initials | | jad | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARGARET HOSTY, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | No. 01 C 0500 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| GOVERNORS STATE UNIVERSITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Margaret Hosty, Jeni Porche, Steven P. Baron, individually and doing business as Innovator (collectively "plaintiffs") sue Governors State University ("Governors State"), the Board of Trustees of Governors State ("the board"), Donald Bell, Tommy Dascenzo, Patricia Carter, Stuart Fagan, Paul Keys, Jane Wells, Debra Conway, Peggy Woodard, Frances Bradley, Peter Gunther, Ed Kammer, Dorothy Ferguson, Judy Young, Claude Hill IV, and Paul Schwellenbach (collectively "defendants") for prior restraint violations of the First Amendment (Count I), equitable relief (Count II), and punitive damages (Counts III), pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 2202. Defendants move to dismiss for lack of jurisdiction and failure to state a claim.

## BACKGROUND

For purposes of a motion to dismiss, the court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. Stachon v. United Consumers Club, Inc., 229 F.3d 673, 675 (7th Cir. 2000). Hosty, Porche, and Baron are students at Governors State and the editors and writers of a student-run newspaper, Innovator. Innovator is funded through student activity fees and is dedicated to distributing information and ideas pertinent

to student life. Governors State is an Illinois university chartered by the general assembly, governed by the state, and supported primarily through government funds. The board, appointed by the governor, manages the university. Keys is provost, Wells and Woodard are associate provosts, Fagan is president, and Conway is secretary. Carter is dean of student affairs and Dascenzo is director of student life. Bradley, Gunther, Kammer, Ferguson, Young, and Hill are members of the communications board that regulates and appropriates Innovator's budget. Bell is administrative liaison between the university and Innovator. Schwellenbach supervises the university's mail room.

Defendants and their agents, acting under color of state law and outside the scope of authority, allegedly engaged in a campaign of prior restraints designed to frustrate plaintiffs' rights of freedom of speech and press. This purported campaign includes halting publication of Innovator, prohibiting future publication without approval of university administrators, and suspending Innovator's budget. Compl. at ¶¶ 24a-b. Further, defendants continue to provide unauthorized access to Innovator's office, and fail to investigate four office break-ins that resulted in criminal property damage. Id. at ¶¶ 24d-e. Defendants have allegedly stolen, edited and deleted press mail and e-mail, and have interfered with plaintiffs' use of computer and communication systems. Id. at ¶¶ 24c,f,g,i,l-m. Defendants have destroyed materials essential to Innovator's operation, and have removed newspaper files. Id. at ¶¶ 24h,j. Finally, defendants have denied plaintiffs admittance to Innovator's office for more than a month. Id. at ¶ 24k.

### DISCUSSION

I. **Motion to dismiss standard**

In ruling on a motion to dismiss, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." Pokuta v. Trans World Airlines,

Inc., 191 F.3d 834, 839 (7th Cir. 1999). Only if no set of facts would entitle the plaintiff to relief based on the complaint's allegations will a motion to dismiss be granted. Vonderohe v. B & S of Fort Wayne, Inc., 36 F. Supp.2d 1079, 1081 (7th Cir. 1999). The sufficiency of the complaint is tested by a motion to dismiss, not its merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990).

## II. Jurisdiction and the Eleventh Amendment

### A. Governors State University and its Board of Trustees

Defendants argue that plaintiffs' § 1983 claims against Governors State and the board are barred by the Eleventh Amendment. Eleventh Amendment issues arise whenever a private party files a federal lawsuit against a state, a state agency or a state official. Pennhurst v. State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100-02 (1984); Gossmeyer v. McDonald, 128 F.3d 481, 487 (7th Cir. 1997). This bar applies to any claim for which the state has not consented to be sued. Pennhurst, 465 U.S. at 100-01. Governors State and the board are arms of the state and may not be sued under § 1983. Kaimowitz v. Board of Tr. of Univ. of Ill., 951 F.2d 765, 767 (7th Cir. 1992); Raynard v. Board of Regents, 708 F.2d 1235, 1238-39 (7th Cir. 1983). Accordingly, plaintiffs' claims against Governors State and the board must be dismissed regardless of the nature of the relief sought.

### B. Individual defendants sued in their official capacity

For purposes of the Eleventh Amendment, state representatives sued in their official capacity are considered the state, and this court is without jurisdiction to hear claims against them. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). It is assumed that a public official is sued in an official capacity where the conduct underlying the § 1983 claim concerns actions taken under color of state law. Kolar v. County of Sangamon of the State of Ill., 756 F.2d 564, 568 (7th Cir. 1985). The allegations against the university officials arise out of their official duties, and they are immune from

suit for retrospective relief under § 1983. Will, 491 U.S. at 64; Edelman v. Jordan, 415 U.S. 651, *reh'g denied*, 416 U.S. 1000 (1974); Kaimowitz, 951 F.2d at 767-68. Compensatory and punitive damages constitute retrospective relief and are barred. Quern v. Jordan, 440 U.S. 332 (1979). Thus, the claims for damages in Count I and III against the university officials in their official capacities are dismissed.

A federal court's remedial power, consistent with the Eleventh Amendment, allows the remedy of prospective declaratory and injunctive relief. Ex Parte Young, 209 U.S. 123 (1908). The motion to dismiss Count II as to the individual defendants in their official capacity is denied.

### C. Individual defendants sued in their personal capacity and qualified immunity

Personal capacity suits raise no Eleventh Amendment concerns, even though an official might have the requisite nexus to the state for his actions to constitute state action. Kentucky v. Graham, 473 U.S. 159, 165-67 (1985). Thus, an action for compensatory and punitive damages is permissible. Defendants argue that plaintiffs sue the university officials only in their official capacity. But plaintiffs aver the university officials acted purposefully outside of the scope of their authority. Compl. at ¶ 24. This is sufficient to allege personal capacity claims against them. *See* Richman v. Sheahan, No. 98 C 7350, 2000 WL 343349, at *5 (N.D. Ill. Mar. 31, 2000); Benning v. Board of Regents of Regency Univ., No. 89 C 20072, 1990 WL 32305, at *3 (N.D. Ill. Feb. 12, 1990).

Alternatively, defendants argue qualified immunity prevents recovery of damages against them. Qualified immunity protects public officials from monetary liability when their conduct does not violate clearly established rights. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Kitzman-Kelley v. Warner, 203 F.3d 454, 457 (7th Cir. 2000). To determine whether an official's conduct violates clearly

4

established law requires a two-step inquiry. First, plaintiffs must show that the law was clearly established when the challenged conduct occurred. The question is "whether the law was clear in relation to the specific facts confronting the public official when he or she acted." Apostol v. Landau, 957 F.2d 339, 341 (7th Cir. 1992). Second, the objective legal reasonableness of defendants' conduct is evaluated by asking whether reasonably competent officials would agree on the application of the clearly established right to a given set of facts. Id. at 341. *See also* Henderson v. DeRobertis, 940 F.2d 1055, 1059 (7th Cir. 1991), *cert. denied*, 503 U.S. 966 (1992).

Plaintiffs argue that since Tinker v. Des Moines Ind. Cmty. Sch. Dist., 393 U.S. 503 (1969) was decided, public school students have been entitled to freedom of expression protections guaranteed by the First Amendment, and that the United States Supreme Court extended these protections to student publications. Because of the long-standing precedent supporting freedom of speech and press at state universities, plaintiffs' argue defendants could not have been unaware that their actions clearly violated plaintiffs' First Amendment rights. Defendants are immune from suit only if they were not on notice that their behavior was "probably unlawful." Montville v. Lewis, 87 F.3d 900, 902-03 (7th Cir. 1996). Efforts to frustrate students' freedom of speech has been a clear violation of law for well over a quarter of a century. The alleged closing of Innovator and other conduct designed to assert control over its publication; meddling with plaintiffs' communications; and denying plaintiffs access to Innovator for more than a month are all actions that would clearly violate plaintiffs' freedom of speech. Further, defendants admit that editorial control over Innovator would be a clear violation of law, but assert plaintiffs failed to allege conduct amounting to editorial control. However, viewed in a light most favorable to plaintiffs, defendants' conduct constitutes editorial control, and clearly violates established First Amendment law. Defendants are not entitled to qualified immunity.

### III. Count I

First Amendment freedom of speech and freedom of press are protected from intrusion by state action by the Fourteenth Amendment. Lovell v. City of Griffin, 303 U.S. 444, 450 (1938). Defendants argue that plaintiffs fail to allege personal involvement on the part of the university officials, and therefore the § 1983 claims must be dismissed. To be liable under § 1983, a defendant must be personally involved in the alleged constitutional deprivation. Zimmerman v. Tribble, 226 F.3d 568, 574 (7th Cir. 2000); Starzenski v. City of Elkhart, 87 F.3d 872, 879 (7th Cir. 1996), *cert. denied*, 519 U.S. 1055 (1997). However, plaintiffs allege that *all* defendants (including Governors State officials) are guilty of conduct that violates the First Amendment. Viewed in a light most favorable to plaintiffs, the complaint states a First Amendment claim against the university officials.

#### A. Freedom of speech

A key inquiry regarding plaintiffs' First Amendment claims is the type of forum Innovator involves. The forum dictates the extent and circumstances under which the government may intrude into the First Amendment rights of students. A public forum "by long tradition or by government fiat [is] . . . devoted to assembly and debate." Perry Educ. Ass'n v. Perry Local Educators' Ass'n, 460 U.S. 37, 45 (1983). In a public forum, the state's right to limit expression is sharply circumscribed; restrictions may be enforced only if narrowly drawn to serve a compelling interest. Id. Similarly, time, place, and manner regulations are permitted only if narrowly tailored to serve an important government interest and leave ample alternative channels of communication. Id.

Defendants concede that Innovator serves as a public forum. Therefore, defendants face a heavy burden to justify the restrictions imposed on Innovator, including the arbitrary closing of this forum to plaintiffs until they submit to university screening of each issue's content; tampering with

written communications regarding Innovator; and denying plaintiffs entry to Innovator's office. Defendants offer no governmental interest as a reason for their actions. Plaintiffs state a First Amendment claim for freedom of speech. Without any legal support, defendants argue only conduct motivated by attempts "to assert editorial control over the content of a university newspaper" violate the First Amendment, and that plaintiffs have not alleged such conduct. Def. Br. at 4-5. Editorial control is not required for a First Amendment claim; stifling freedom of speech in a forum opened for discussion is sufficient. Perry, 460 U.S. at 45-46; Tinker, 393 U.S. at 509-514. Moreover, plaintiffs have alleged editorial interference.

**B.     Freedom of press**

As a state university newspaper, Innovator is entitled to constitutional protections afforded the press. Miami Herald Publ'g Co. v. Tornillo, 418 U.S. 241 (1974); Papish v. Board of Curators of Univ. of Mo., 410 U.S. 667 (1973); Healy v. James, 408 U.S. 169 (1972). This includes editorial discretion regarding style and content. Miami Herald Publ'g Co., 418 U.S. at 258. State intrusion into this process violates the First Amendment freedom of press. Id. at 256. Innovator's expression is not unrestricted. Its freedom is tempered by the need to maintain order and discipline within the educational process. Tinker, 393 U.S. at 509, 511, 513; Bazaar v. Fortune, 476 F.2d 570, 575 (5th Cir. 1973). It is defendants' burden to make this showing. Tinker, 393 U.S. at 509.

Under liberal pleading standards, plaintiffs state a First Amendment claim. Plaintiffs allege defendants stopped publication of Innovator and, without justification, refused to publish more issues without the approval of Governors State administrators. Absent a constitutionally viable reason for their actions, defendants' alleged imposition would violate the First Amendment. *See* Fujishima v. Board of Educ., 460 F.2d 1355, 1357-58 (7th Cir. 1972); Antonelli v. Hammond, 308 F. Supp. 1329

7

(D. Mass. 1970); ACLU of Va. v. Radford Coll., 315 F. Supp. 893, 896-97 (W.D. Va. 1970). Plaintiffs also allege defendants impeded their freedom of press rights by suspending Innovator's budget without explanation. This too violates freedom of press rights. Stanley v. Magrath, 719 F.2d 279 (8th Cir. 1983); Joyner v. Whiting, 477 F.2d 456 (4th Cir. 1973); Korn v. Elkins, 317 F. Supp. 138 (D.Md. 1970).

Additionally, plaintiffs allege numerous other instances where defendants inhibited Innovator's continued operation, including destruction of materials and refusal to perform functions necessary for publication. These actions would violate the First Amendment. Bigelow v. Virginia, 421 U.S. 809, 829 (1975).

### IV.   Counts II and III

Defendants argue that by incorporating the allegations of Count I, Counts II and III are merely duplicative and should be dismissed. A reading of the first amended complaint shows this argument is frivolous. The relief sought in Count II is equitable, while Count III seeks punitive damages. These remedies are substantively different than the compensatory damages sought in Count I. To the extent plaintiffs also request injunctive relief in Count I, that prayer for relief is stricken.

### CONCLUSION

The motion to dismiss is granted as to Governors State University and its Board of Trustees on all claims, and to the individual defendants in their official capacity in Counts I and III. The motion is denied as to the individual defendants in their personal capacity on all claims and in their official capacity on Count II. The claim for injunctive relief in Count I is stricken.

ENTER:

Suzanne B. Conlon
United States District Judge

April 27, 2001